Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HOLGER SIGUENCIA MENDEZ,
     *Plaintiff*,

  -against-

A. L. CONTRACTOR NY & LUIS
MARTINEZ PONCE.

     *Defendants.*
-------------------------------------------------------X

**COMPLAINT**
**JURY TRIAL DEMANDED**
Case No.: 22-cv-10871

  HOLGER SIGUENCIA MENDEZ ("Plaintiff") by and through his attorney, Colin Mulholland, Esq., and as against LUIS MARTINEZ PONCE and A. L. CONTRACTOR NY ("Defendants"), alleges as follows:

## NATURE OF THE ACTION

  1. Plaintiff is a former employee of Defendants LUIS MARTINEZ PONCE and A. L. CONTRACTOR NY located at 840 Palisade Ave Yonkers, NY 10703.

  2. Plaintiff was employed by Defendants as a construction worker.

  3. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours he worked each week.

  4. Plaintiff now brings this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), and minimum and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12,

§ 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs along with claims for age discrimination under State and NYC Law.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

6. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

7. Plaintiff HOLGER SIGUENCIA MENDEZ ("Plaintiff SIGUENCIA") is an adult individual residing in New York County, New York. Plaintiff SIGUENCIA was employed by Defendants from 2015 until March 2020.

8. A. L. CONTRACTOR NY is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 840 Palisade Ave Apt. 1J Yonkers, NY 10703 and operates primarily in NYC worksites.

9. Defendant LUIS MARTINEZ PONCE is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

10. Defendant LUIS MARTINEZ PONCE is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

11. Defendant LUIS MARTINEZ PONCE possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

12. Defendant LUIS MARTINEZ PONCE is the sole owner and operator of the Defendant Corporation.

13. Defendant LUIS MARTINEZ PONCE had the power to hire and fire employees at A. L. CONTRACTOR NY including Plaintiff.

14. Defendant LUIS MARTINEZ PONCE had the final word on all business decisions at A. L. CONTRACTOR NY including which contracts to enter on behalf of the business.

15. Defendant LUIS MARTINEZ PONCE reviewed and controlled the financial records at A. L. CONTRACTOR NY including payroll records and documents recording Plaintiff's wages and hours worked.

16. Defendant LUIS MARTINEZ PONCE authorized Plaintiff's pay rate.

17. Defendant LUIS MARTINEZ PONCE hired Plaintiff.

18. Defendant LUIS MARTINEZ PONCE discharged Plaintiff.

19. Defendant LUIS MARTINEZ PONCE supervised and hired the staff at each at A. L. CONTRACTOR NY on a regular basis, including Plaintiff.

20. Defendant LUIS MARTINEZ PONCE gave assignments to Plaintiff on a regular basis on jobsites and controlled entry and exit times.

21. Defendant LUIS MARTINEZ PONCE had the power to review and maintain employment records pertaining to the Plaintiff and the pay practices of at A. L. CONTRACTOR NY.

22. Defendant LUIS MARTINEZ PONCE actively hired and fired employees.

23. Defendant LUIS MARTINEZ PONCE determined the rates of pay of employees and dictated other terms of their employment at A. L. CONTRACTOR NY.

## FACTUAL ALLEGATIONS

24. Defendants are associated and joint employers, act in the interest of each other.

25. Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

26. Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiff.

28. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

29. In each year from 2017 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30. Defendant was an experienced business owner and had full knowledge of the pay and notice requirements under federal and state law.

31. Defendants failed to honor the requirements of federal and state law willfully and maliciously as to the manner in which they paid Plaintiff.

32. Defendant willfully and maliciously violated federal and state overtime laws by failing to keep proper records of Plaintiff's hours and pay in order to frustrate Plaintiff's ability to monitor his time and to vindicate his rights under federal and state wage and hour laws.

33. Defendants routinely and as a practice failed to record properly all of the hours Plaintiff or other employees worked.

34. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items were handled and purchased daily at A. L. CONTRACTOR NY such as spackle, drywall, hammers, screws, paint, lumber, buckets, and all other tools and materials, were produced outside the State of New York.

*Plaintiff* SIGUENCIA

35. Plaintiff SIGUENCIA was employed by Defendants from 2015 until March 2020.

36. Throughout his employment with defendants, Plaintiff SIGUENCIA was employed as a construction laborer.

37. Plaintiff SIGUENCIA work duties required neither discretion nor independent judgment.

38. Plaintiff SIGUENCIA was closely supervised and directed by Defendants in the scope of his tasks.

39. From approximately 2015 until March 2020, Plaintiff SIGUENCIA typically worked five (5) to seven (7) days per week from between 7:00 A.M. and 8:00 A.M. until between 4:00 P.M. and 5:00 P.M.

40. The above represents a fair approximation of Plaintiff's hours. There were instances when he worked more or less depending on the needs of the projects on-going at any given time

41. During this period Plaintiff SIGUENCIA regularly worked in excess of 40 hours per week without a premium for his overtime hours.

42. The Defendants paid the Plaintiff a fixed rate of $150 per day without a premium for his hours worked over 40 in a week from 2017 until 2018.

43. The Defendants paid the Plaintiff a fixed rate $170 per day without a premium for his hours worked over 40 in a week from 2018 until the end of his employ.

44. Defendants never provided Plaintiff SIGUENCIA with each payment of wages a proper statement of wages, as required by NYLL 195(3).

45. Defendants never provided Plaintiff SIGUENCIA, a proper notice in English and in Spanish (Plaintiff SIGUENCIA primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

46. Defendants made comments disparaging Plaintiff's age and suggesting that he could not keep up with younger workers.

47. Plaintiff, who is over 50 years old, was discharged in March of 2020 while other less experienced and younger workers were allowed to continue working, and a younger worker was hired as a replacement.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

48. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

49. At all times relevant to this action, Defendants were Plaintiff SIGUENCIA's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff SIGUENCIA, controlled the terms and conditions of his employment and had the power to determine the rate and method of any compensation in exchange for his employment.

50. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

51. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

52. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

53. Defendants' failure to pay Plaintiff SIGUENCIA at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

54. Plaintiff SIGUENCIA was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

55. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

56. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

57. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

58. Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### NEW YORK STATE LAW MINIMUM WAGE CLAIM

59. Plaintiff SIGUENCIA repeats and realleges all paragraphs above as though fully set forth herein.

60. At all times relevant to this action, Defendants were Plaintiff SIGUENCIA's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

61. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff SIGUENCIA less than the minimum wage.

62. Defendants' failure to pay Plaintiff SIGUENCIA the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

63. Plaintiff SIGUENCIA was damaged in an amount to be determined at trial

## FOURTH CAUSE OF ACTION

**VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW**

64. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

65. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

66. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

67. Plaintiff was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

68. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

69. Defendants failed to provide Plaintiff with a written notice, in English and in

Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thiseof, whethis paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

70. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

71. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

72. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

73. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## NEW YORK CITY HUMAN RIGHTS LAW - N.Y.C. ADMIN CODE SECTIONS 8-101 TO 131

74. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

75. A copy of this Complaint has or will be served upon the New York City Commission on Human Rights and the New York City Law Department, Office of Corporation Counsel, within 10 days of its filing.

76. Plaintiff worked for Defendants almost exclusively within New York City based job sites.

77. Plaintiff is over 50 years old and was discharged in favor of younger employees.

78. Defendants made disparaging comments about Plaintiff's age prior to his discharge.

79. By its actions, defendant intentionally discriminated against plaintiff in compensation, terms, conditions and privileges of employment in violation of New York City Admin. Code § 8-107.

80. Defendant treated Plaintiff differently and less well than other younger workers because of Plaintiff's age.

81. Defendant cannot demonstrate any legitimate nondiscriminatory reason for the actions complained of, nor can its actions be otherwise justified. Any alleged nondiscriminatory reason is nothing more than a pretext so that defendant could attempt to mask its actions.

82. By reason of the complained of actions of defendant, as described herein, whereby defendant has engaged in unlawful discriminatory practices on account of plaintiff's age, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits;

was made emotionally ill; suffered and continues to suffer damage to his reputation among his peers; embarrassment; humiliation and was otherwise greatly damaged.

83. By reason of the complained of actions of Defendant, Plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, an award of compensatory damages and other appropriate damages, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest By its actions, defendant intentionally discriminated against plaintiff in compensation, terms, conditions and privileges of employment in violation of New York City Admin. Code § 8-107.

84. Defendant cannot demonstrate any legitimate nondiscriminatory reason for the actions complained of, nor can its actions be otherwise justified. Any alleged nondiscriminatory reason is nothing more than a pretext so that defendant could attempt to mask its actions.

85. By reason of the complained of actions of defendant, as described herein, whereby defendant has engaged in unlawful discriminatory practices on account of plaintiff's age, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits; was made emotionally ill; suffered and continues to suffer damage to his reputation among his peers; embarrassment; humiliation and was otherwise greatly damaged.

86. By reason of the complained of actions of defendant, plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, an award of compensatory damages and other appropriate damages, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

## EIGHTH CAUSE OF ACTION

**NEW YORK STATE HUMAN RIGHTS LAW – NY EXEC LAW SECTIONS 290-297**

87. Plaintiff repeats and realleges each and every allegation set forth above with the

same force and effect as if set forth fully herein.

88. Plaintiff worked for Defendants almost exclusively within New York City based job sites.

89. Plaintiff is over 50 years old and was discharged in favor of younger employees.

90. Defendants made disparaging comments about Plaintiff's age prior to his discharge.

91. By its actions, defendant intentionally discriminated against plaintiff in compensation, terms, conditions and privileges of employment in violation of New York State Executive Law §§ 296 and 297.

92. Defendant cannot demonstrate any legitimate nondiscriminatory reason for the actions complained of, nor can its actions be otherwise justified. Any alleged nondiscriminatory reason is nothing more than a pretext so that defendant could attempt to mask its actions.

93. By reason of the complained of actions of defendant, as described herein, whereby defendant has engaged in unlawful discriminatory practices on account of plaintiff's age, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits; was made emotionally ill; suffered and continues to suffer damage to his reputation among his peers; embarrassment; humiliation and was otherwise greatly damaged.

94. By reason of the complained of actions of Defendant, Plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, an award of compensatory damages and other appropriate damages, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest By its actions, defendant intentionally discriminated against plaintiff in compensation, terms, conditions and privileges of employment in violation of New York State Executive Law §§ 296 and 297.

95. Defendant cannot demonstrate any legitimate nondiscriminatory reason for the actions complained of, nor can its actions be otherwise justified. Any alleged nondiscriminatory reason is nothing more than a pretext so that defendant could attempt to mask its actions.

96. By reason of the complained of actions of defendant, as described herein, whereby defendant has engaged in unlawful discriminatory practices on account of plaintiff's age, plaintiff has suffered economic loss, including past, present and future income, compensation and benefits; was made emotionally ill; suffered and continues to suffer damage to his reputation among his peers; embarrassment; humiliation and was otherwise greatly damaged.

97. By reason of the complained of actions of defendant, plaintiff has become entitled to appropriate injunctive, equitable and declaratory relief, an award of compensatory damages and other appropriate damages, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

## **PRAYER FOR RELIEF**

WHISEFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the minimum wage and overtime provisions of and associated rules and regulations under the FLSA and NYLL as to Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of and associated rules and regulations under the FLSA and NYLL with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff damages for the amount of unpaid minimum and overtime

wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the overtime wage provisions of and rules and orders promulgated under the NYLL as to Plaintiff;

(g) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(h) Declaring that Defendants' violations of the New York Labor Law were willful and not in good faith as to Plaintiff;

(i) Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages under the NYLL as applicable;

(j) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(k) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(l) Awarding Plaintiff back pay, front pay, economic and non-economic damages, attorneys fees and costs and punitive damages for Defendant discriminatory conduct;

(m) Enjoining Defendants from further discriminatory conduct;

(n) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o) Awarding Plaintiff compensatory damages, front pay, back pay, punitive damages, liquidated damages along with costs and attorney's fees for Defendants' retaliatory conduct under both or either the NYLL and/or FLSA.

(p) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(q) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(r) Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

(s) Enjoining Defendants from further retaliatory conduct;

(t) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(u) All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
December 23, 2022

By: /s/ Colin Mulholland
Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*