UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HOLGER SIGUENCIA MENDEZ, :
                              Plaintiff, :
v. :                                     **PARTIAL DISMISSAL**
                                         **ORDER**
A. L. CONTRACTOR NY and LUIS :
MARTINEZ PONCE,                          22 CV 10871 (VB)
                              Defendants. :
------------------------------------------------------------x

4/11/23

     On December 23, 2022, plaintiff commenced this action by filing a complaint.  (Doc. #1).

     On February 22, 2023, plaintiff requested a summons as to defendant Luis Martinez Ponce, which the Clerk of Court issued on February 23, 2023.  (Docs. ##3, 4).  Plaintiff did not request a summons as to defendant A. L. Contractor NY.

     By March 23, 2023, plaintiff had not filed proof of service on either defendant.  See Fed. R. Civ. P. 4(m).

     Accordingly, on March 27, 2023, the Court issued an Order warning plaintiff that this action would be dismissed without prejudice pursuant to Rule 4(m) unless, on or before April 4, 2023, plaintiff either (i) filed on the ECF docket proof of service, indicating each defendant was served on or before March 23, 2023; or (ii) showed good cause in writing for plaintiff's failure to comply with Rule 4(m).  (Doc. #5).

I.    Defendant Luis Martinez Ponce

     On March 28, 2023, plaintiff docketed proof of "nail-and-mail" service pursuant to N.Y. C.P.L.R. § 308(4) on defendant Ponce on March 13, 2023.  (Doc. #6).  Accordingly, defendant Ponce had until April 3, 2023, to respond to the complaint.  See Fed. R. Civ. P. 12(a)(1)(A)(i).

     To date, defendant Ponce has not answered, moved, or otherwise responded to the complaint.

     Accordingly, provided that defendant Ponce remains in default, plaintiff is ORDERED to seek a certificate of default by **April 25, 2023**, and thereafter to move, by order to show cause and in accordance with the Court's Individual Practices, for default judgment against defendant Ponce by **May 9, 2023**.  If plaintiff fails to satisfy either deadline, the Court may dismiss his claims against defendant Ponce without prejudice for failure to prosecute or failure to comply with court orders.  Fed. R. Civ. P. 41(b)

II.    Defendant A. L. Contractor NY

     To date, plaintiff has not requested a summons as to, or docketed proof of service on, defendant A. L. Contractor NY.  Nor has he requested an extension of time to do so, or shown good cause for his failure to comply with Rule 4(m) as to defendant A. L. Contractor NY.

1

Accordingly, pursuant to Fed. R. Civ. P. 4(m), plaintiff's claims against A. L. Contractor NY are DISMISSED WITHOUT PREJUDICE.

The Clerk is instructed to terminated A. L. Contractor NY as a defendant in this action.

III.   Discrimination Claims

In this action, plaintiff asserts federal and state wage-and-hour claims (Counts One through Six), as well as age discrimination claims under the New York State Human Rights Law and the New York City Human Rights Law (Counts Seven and Eight).

Plaintiff alleges the Court has federal question jurisdiction over his federal wage-and-hour claims and supplemental jurisdiction over his state law wage-and-hour claims and state and local law age discrimination claims.  However, it is not clear to the Court, based on plaintiff's complaint, that plaintiff's age discrimination claims are "so related to" his federal wage-and-hour claims "that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

The Court "ha[s] an independent obligation to consider the presence or absence of subject matter jurisdiction sua sponte."  Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006); accord Fed. R. Civ. P. 12(h)(3).

Accordingly, by **April 25, 2023**, plaintiff is directed to show cause in writing, not to exceed three pages, why his age discrimination claims under the New York State Human Rights Law and the New York City Human Rights Law should not be dismissed without prejudice for lack of subject matter jurisdiction.

Dated: April 11, 2023
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge