UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
HOLGER SIGUENCIA MENDEZ,                   :
                Plaintiff,                      :

                               :

v.                                         :

                               :

LUIS MARTINEZ PONCE,                       :
                Defendant.                       :
------------------------------------------------------------------x

**ORDER**

22 CV 10871 (VB)

Plaintiff brings this action asserting wage-and-hour claims under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and the Compilation of Codes, Rules and Regulations of the State of New York ("NYCRR"), and claims that he was discriminated against because of his age under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL").

For the reasons set forth below, plaintiff's discrimination claims are DISMISSED WITHOUT PREJUDICE.

I.      <u>Wage-and-Hour Allegations</u>

Defendant allegedly employed plaintiff as a construction worker from 2015 until March 2020, typically "five (5) to seven (7) days per week from between 7:00 A.M. and 8:00 A.M. until between 4:00 P.M. and 5:00 P.M." (Doc. #1 ("Compl.") ¶ 39).

While employed, plaintiff alleges he regularly worked over forty hours during a given week but was not paid overtime for hours worked in excess of forty. He also alleges he was paid a fixed rate per day—$150 per day during 2017 and 2018 and $170 per day from 2018 until his termination in 2020—that fell short of the required minimum wage under the FLSA and NYLL.

Further, defendant allegedly did not pay plaintiff spread-of-hours compensation under the NYCRR.

Finally, plaintiff contends defendant never provided him with the wage statements required by NYLL Sections 195(1) and 195(3).

II.     <u>Discrimination Allegations</u>

Plaintiff, who is over fifty years old, alleges he was discharged from employment in March 2020, but that younger and less experienced workers were not discharged. He was also allegedly replaced with a younger worker. Prior to his termination, he alleges defendant made "comments disparaging Plaintiff's age and suggesting that he could not keep up with younger workers." (Compl. ¶ 46).

1

III.    Supplemental Jurisdiction

Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

"[D]isputes are part of the same case or controversy within § 1367 when they derive from a common nucleus of operative fact." Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 335 (2d Cir. 2006).[1]  Thus, the exercise of supplemental jurisdiction is justified "where the facts underlying the federal and state claims substantially [overlap] or where presentation of the federal claim necessarily [brings] the facts underlying the state claim before the court." Lyndonville Sav. Bank & Tr. Co. v. Lussier, 211 F.3d 697, 704 (2d Cir. 2000).  The exercise of supplemental jurisdiction is not justified "when the federal and state claims rest[ ] on essentially unrelated facts." Id.

Here, the factual allegations underlying plaintiff's FLSA claims concern what he was paid and how long he worked.  The factual allegations underlying plaintiff's discrimination claims concern disparaging comments defendant made because of plaintiff's age, plaintiff's termination from employment, and plaintiff's replacement with a younger employee.  These facts "simply have nothing to do with whether plaintiff[ ] [was] paid the minimum wage and overtime as required under the FLSA." Shibetti v. Z. Rest., Diner & Lounge, Inc., 478 F. Supp. 3d 403, 408–11 (E.D.N.Y. 2020) (dismissing NYSHRL and NYCHRL sex discrimination claims and collecting similar cases).

Plaintiff's counsel argues the discrimination claims should not be dismissed because plaintiff will attempt to prove defendant's actions raise an inference of age discrimination based on whether younger workers were paid at a better rate or a rate that includes overtime premiums, given other job assignments "which implicates hours worked," or classified as independent contractors.  (Doc. #14 at ECF 1).

However, whether other employees were paid more (or less) than plaintiff, or were paid overtime, is irrelevant and "superfluous to" whether plaintiff was paid at least minimum wage or overtime under the FLSA. See Hernandez v. Mauzone Home Kosher Prods. of Queens, Inc., 2013 WL 5460196, at **2, 6 (E.D.N.Y. Sept. 30, 2013) (dismissing age discrimination claims when "the facts alleged regarding a reduction of Plaintiff's hours in comparison to younger employees may support her age discrimination claim" but those "facts alone will not support an age discrimination claim under the NYHRL or NYCHRL").  The employment classification of defendant's other workers is likewise irrelevant to plaintiff's FLSA claims.

Plaintiff's counsel also argues dismissing plaintiff's age discrimination claims poses a "credible risk" that this Court and a state court hearing the discrimination claims "might make inconsistent findings about Plaintiff's rate of pay, hours worked and the character of the

---

[1]      Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

employment relationship between Defendant and Plaintiff." (Doc. #14 at ECF 2). This argument is not persuasive: plaintiff was entitled to assert his federal and state wage-and-hour claims in federal court, but he cannot "expand the jurisdiction of the federal court to resolve unrelated disputes between the parties." Shibetti v. Z. Rest., Diner & Lounge, Inc., 478 F. Supp. at 411. Moreover, plaintiff's "FLSA claims, standing alone, offer plaintiff[ ] no additional rights to those provided by" state law; if plaintiff is concerned about inconsistent judgments, he is welcome to pursue all his claims in state court. Id. at 410.

Accordingly, the Court does not have supplemental jurisdiction over plaintiff's age discrimination claims, and those claims are dismissed for lack of subject matter jurisdiction.

Dated: May 17, 2023
       White Plains, NY                   SO ORDERED:

                                          Vincent L. Briccetti
                                          United States District Judge