UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
HOLGER SIGUENCIA MENDEZ,
                Plaintiff,

v.

LUIS MARTINEZ PONCE,
                Defendant.
--------------------------------------------------------------x

**ORDER**

22 CV 10871 (VB)

       On July 28, 2023, plaintiff Holger Siguencia Mendez in this Fair Labor Standards Act ("FLSA") case filed a settlement agreement and a statement explaining the basis for the agreement as required by Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). (Doc. #27).

       In reviewing the proposed settlement agreement, the Court has considered the following factors:

    (i)    plaintiff's position that his recovery in respect of unpaid wages could have been up to $42,498, before liquidated damages, if a trier of fact endorsed at least 48 hours of compensable work per week;

    (ii)    the existence of bona fide disputes regarding the number of hours worked, the number of weeks worked within any given year, the applicability of FLSA enterprise coverage, and credible issues regarding defendant's ability to pay;

    (iii)    plaintiff is represented by counsel;

    (iv)    plaintiff no longer works for defendant;

    (v)    the release of claims by plaintiff is limited to wage-and-hour and retaliation claims pursuant to the FLSA and New York Labor Law that accrued prior to executing the settlement agreement;

    (vi)    the release of all claims defendant may have against plaintiff arising from his employment;

    (vii)    the parties' desire to resolve this action early and avoid the costs and uncertainty associated with drawn-out litigation; and

    (viii)    the absence of a confidentiality or nondisparagement clause in the settlement agreement.

       Based on the foregoing, the Court finds the settlement agreement is fair and reasonable, and the product of arm's-length negotiation, not fraud or collusion.

1

Additionally, the Court finds the attorneys' fees, which are one-third of plaintiff's net recovery, in addition to reimbursement of costs, to be fair and reasonable under the circumstances.

## CONCLUSION

Accordingly, the parties' settlement agreement (Doc. #27) is APPROVED.

By August 4, 2023, counsel shall file the proposed Stipulation of Dismissal which, contrary to the assertion by plaintiff's counsel in his July 28, 2023, submission (Doc. #27 at 1), is not attached to the executed settlement agreement.

Dated: August 1, 2023
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge